UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANE H. SCHAEFFER and BARBARA J. SCHAEFFER,<br><br>                    Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>                    Defendants. | Case No. 4:17-cv-00262-BLW-CWD<br><br>**REPORT AND RECOMMENDATION RE: ECF No. 10**<br><br>**ORDER RE: ECF No. 12** |

## INTRODUCTION

Before the Court are Defendants' motion to dismiss and their accompanying motion to take judicial notice. This matter concerns Plaintiffs' allegations of constructive fraud, breach of the implied covenant of good faith and fair dealing, slander of title, and violation of Idaho Code § 45-1506, the statute that governs foreclosure proceedings in Idaho. Defendants ask the Court to take judicial notice of several documents that reflect Plaintiffs' mortgage loan origination, default, and foreclosure proceedings, and based upon those documents, asks the Court to dismiss Plaintiffs' complaint with prejudice for failure to state a claim.

**REPORT AND RECOMMENDATION  - 1**

The motion to dismiss is now ripe. Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. The Court issues the following order granting Defendants' motion for judicial notice, and a report recommending Defendants' motion to dismiss be granted.

## BACKGROUND

Plaintiffs obtained a loan in 2011 to purchase their home, located at 423 Snake River Circle, Rigby, Idaho, in Jefferson County (the Property). On or about March 14, 2011, Plaintiffs executed a promissory note and deed of trust secured by the Property. (Dkt. 12-1 at 2.) The Deed of Trust, Instrument No. 390550, was recorded on March 16, 2011, in Jefferson County. It identified the lender as Guild Mortgage Company, and the trustee as First American Title Insurance Company of Idaho. Mortgage Electronic Registration Systems, Inc. (MERS) was identified as a separate corporation acting "solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument."

In the section titled "Transfer of Rights in the Property," the Deed of Trust states as follows:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note;

**REPORT AND RECOMMENDATION  - 2**

> and (ii) the performance of Borrower's covenants and
> agreements under this Security Instrument and the Note. For
> this purpose, Borrower irrevocably grants and conveys to
> Trustee, in trust, with the power of sale, the following
> described property….

The property identified in this section is Plaintiff's property located in Rigby, Idaho.

The Deed of Trust set forth Borrowers' duty to pay Lender, and the consequences of nonpayment. These consequences include demand for immediate payment of all sums due under the Security Instrument, as well as invocation of the power of sale.

The Deed of Trust informed Plaintiffs that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument."

If the Lender invoked the power of sale, the Lender was obligated to execute or cause Trustee to execute written notice of the event of default, and cause notice of the sale to be given. The Lender possessed also the authority to remove Trustee and appoint a successor trustee, and such successor trustee "shall succeed to all the title, power and duties conferred upon Trustee" under the terms of the Deed of Trust.

On March 24, 2011, Plaintiffs received a Notice of Assignment, Sale, or Transfer of Servicing Rights from Guild Mortgage Company. (Dkt. 3 at 5.) The notice indicated Chase Home Finance would be the servicer of the mortgage loan and begin collecting payments on May 1, 2011.

**REPORT AND RECOMMENDATION - 3**

On December 20, 2012, Vernita Lansey, acting in her capacity as Assistant Secretary of Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Guild Mortgage Company, executed a corporate assignment of the deed of trust. (Dkt. 12-1 at 17.) The assignment assigned and transferred the deed of trust to JP Morgan Chase Bank, NA. It was recorded as Instrument No. 402054 in Jefferson County, Idaho.

An appointment of successor trustee was recorded on November 24, 2015, as Instrument No. 420367. (Dkt. 3 at 60.) JP Morgan appointed Sydney K. Leavitt, Esq., as successor trustee under the Deed of Trust.

On December 2, 2015, Sydney Leavitt, of the law firm Aldridge Pite, LLP, executed a Notice of Default. (Dkt. 12-1 at 19.) The notice identified Leavitt as the successor trustee under the Deed of Trust executed by the Schaeffers; indicated they had failed to pay the monthly payment due on April 1, 2015; and noted the amount due as of December 2, 2015, was $11,857.21. Plaintiffs admit in the Complaint they stopped making payments in 2015. Compl. ¶ 20-21.

Although the assignment of the deed of trust to JP Morgan had occurred in 2012, the Notice of Default identified First American Title Insurance Company of Idaho as Trustee, and MERS as Nominee for Guild Mortgage Company. But, the Notice included reference as well to MERS's "successors and assigns as beneficiary" of the deed of trust. The notice was recorded as Instrument No. 420472 in Jefferson County, Idaho.

On December 11, 2015, Leavitt executed a Notice of Trustee's sale, setting forth that the sale would occur on April 20, 2016, at the Jefferson County courthouse, and that Leavitt, as successor Trustee, would sell the Property at public auction. (Dkt. 3 at 75.)

**REPORT AND RECOMMENDATION  - 4**

The notice indicated the sum owing on the debt secured by the deed of trust as of December 11, 2015, was $202,556.72.

## ANALYSIS

### 1. Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The United States Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the Court need not accept as true legal conclusions that are couched as factual allegations. *Id*. Rule 8

does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

The Court may therefore consider the underlying loan documents, as the loan documents are incorporated by reference in the Complaint, along with the recorded documents that are of public record and attached to Defendants' request for judicial notice. *Id*. On the record before it, the Court will grant Defendants' request for judicial notice and will not convert the pending motion to dismiss into a motion for summary judgment.

The Court previously considered Plaintiffs' motion to take judicial notice, and granted the request to take judicial notice of Exhibits D and E, and to consider Plaintiffs' Exhibits A, B, and C pursuant to Fed. Rule Civ. P. 12(b)(6). Notably, Plaintiffs' Exhibit

**REPORT AND RECOMMENDATION  - 6**

C, which is the securitization audit described in Plaintiffs' Complaint, sets forth in detail all of the recorded assignments and transfers associated with the original Deed of Trust and Note. Plaintiffs do not contest the accuracy of the factual statements in the securitization audit with regard to the documents of record filed with the recorder's office of Payette County. (Compl. ¶ 21.) Thus, to the extent copies of some of the recorded documents are not in the record, the Court refers to Plaintiffs' Exhibit C.

Turning now to the substantive allegations, Plaintiffs' complaint alleges various theories for invalidating an otherwise legal non-judicial foreclosure, each of which are without merit. A multitude of plaintiffs appearing in this Court who have decided not to pay their mortgage have alleged similar—if not identical—claims, and the complaints have been dismissed under Fed. Rule Civ. P. 12(b)(6).[1] The Court will discuss each of Plaintiffs' claims in turn.

---

[1] The following list of cases are the most recent the Court has considered, relying upon numerous decisions issued in 2011 and 2012. *See Anderson v. Nw. Tr. Servs., Inc.*, No. 2:15-CV-00198-EJL-REB, 2016 WL 4974957 (D. Idaho Sept. 15, 2016); *Rheinschild Family Tr. v. Rankin*, No. 1:15-CV-00194-EJL, 2016 WL 1170945, at *2 (D. Idaho Mar. 24, 2016), *appeal dismissed sub nom. Rheinschild Family Trust v. Casper Rankin, Et Al* (Apr. 21, 2016) (dismissing complaint seeking injunctive relief to prevent a trustee sale; and remedies for quiet title, slander of title, violation of Idaho Code § 45-1501, et. seq.); *Bostock v. Aurora Loan Servs., LLC*, No. 1:14-CV-00329-BLW, 2016 WL 1072077, at *2 (D. Idaho Mar. 16, 2016) (dismissing complaint alleging claims for (1) attempted wrongful foreclosure, (2) intentional infliction of emotional distress, and (3) negligent infliction of emotional distress); *Briscoe v. Bank of Am., N.A.*, No. 1:15-CV-424-BLW, 2016 WL 107929, at *2 (D. Idaho Jan. 8, 2016) (dismissing complaint in response to foreclosure proceedings alleging violation of Fair Debt Collection Practices Act; identity theft; and Truth in Lending Act); *Trotter v. Bayview Loan Servicing*, No. 2:15-CV-00301-CWD, 2015 WL 8966926, at *1 (D. Idaho Dec. 15, 2015) (dismissing Trotter's third lawsuit attempting to halt foreclosure proceedings); *Rencher v. Wells Fargo Bank, N.A.*, No. 4:14-CV-00341-BLW, 2015 WL 5120099, at *4 (D. Idaho Aug. 31, 2015) (dismissing complaint attempting to halt foreclosure proceedings under theories of claims of fraud, misrepresentation, violation of the FDCPA, and "wrongful securitization"); *Whalen v. Bank of Am., N.A.*, No. 2:12-CV-00291-EJL, 2013 WL 3149477, at *2 (D. Idaho June 19, 2013) (order adopting report and recommendation to dismiss action seeking to prevent the taking or foreclosure of plaintiffs' home by Defendants, on the grounds that plaintiffs' loans were improperly assigned, among various other claims); *Deckys v. BAC Home Loans Servicing LP*, No. 1:12-CV-00529-BLW, 2013 WL 3081947, at *5 (D. Idaho June 18, 2013) (order adopting report and recommendation to dismiss action seeking to prevent foreclosure of plaintiffs' home under a produce the note theory, quiet title, improper assignment, "splitting the note", unjust enrichment, and improper recording).

**REPORT AND RECOMMENDATION  - 7**

## 2.     Claim for Constructive Fraud

Plaintiffs claim constructive fraud against JP Morgan.[2] In contrast to a common law fraud claim, which requires proof of nine elements[3] by clear and convincing evidence, constructive fraud is inferred directly from the relationship of the parties and the resulting breach. With some differences, constructive fraud is essentially equivalent to a claim for breach of fiduciary duty. *Country Cove Dev., Inc. v. May*, 150 P.3d 288, 294 (2006).

Constructive fraud comprises "all acts, omissions and concealments involving a breach of legal or equitable duty, trust or confidence and resulting in damage to another." *McGhee v. McGhee*, 353 P.2d 760, 762 (Idaho 1960). An action for constructive fraud "exists when there has been a breach of duty arising from a relationship of trust and confidence, as in a fiduciary duty." *Taylor v. McNichols*, 243 P.3d 642, 662 (Idaho 2010). "Examples of relationships from which the law will impose fiduciary obligations on the parties are: members of the same family, partners, attorney and client, executor and beneficiary of the estate, principal and agent, insurer and insured, or close friends." *Id.* (quoting *Mitchell v. Barendregt*, 820 P.2d 707, 714 (Idaho Ct. App. 1991) (found to be in error on other grounds by *Polk v. Larrabee*, 17 P.3d 247, 258 (Idaho 2000)).

---

[2] Plaintiffs refer to Defendant JP Morgan Chase Bank, NA as "CHASE" in their briefing, while the Court has used "JP Morgan" to refer to the same Defendant.

[3] To prove actual fraud, a plaintiff must show: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury. *Doe v. Boy Scouts of Am.*, 356 P.3d 1049, 1054 (2015)

**REPORT AND RECOMMENDATION  - 8**

Although Defendants cite *Doe v. Boy Scouts of Am.*, 356 P.3d 1049, 1054-55 (Idaho 2015), and argue Plaintiffs have not shown Defendants made false statements or alleged an injury, *Doe* did not alter the requirement that there must be a relationship of trust or confidence as an element of the cause of action, together with proof of seven of the nine elements of fraud.[4] *Doe*, 356 P.3d at 1056 ("Constructive fraud…requires a plaintiff to show a breach of a duty where a relationship of trust or confidence exists along with the other seven elements of actual fraud."). Accordingly, the Court starts with the relationship between Plaintiffs and JP Morgan.

Plaintiffs allege "a fiduciary duty and obligation exists between Plaintiffs and JP insomuch as Plaintiffs' reliance, to their own detriment, upon Defendant JP's position of who own(s) Plaintiffs' Loan and underlining [sic] DOT was misrepresented to Plaintiffs resulting in both injury as well as the potential loss of Plaintiffs' legally protected property." Plaintiffs claim the representation that JP Morgan,[5] under the Deed of Trust, had the authority to foreclose was false.

 Despite having used the magic words that a fiduciary duty existed between Plaintiffs and JP Morgan, a careful reading of the above statement in the Complaint renders the pleading deficient. Plaintiffs allege the fiduciary duty exists solely because of Plaintiffs' reliance. In other words, Plaintiffs assert their reliance created the relationship.

---

[4] If a plaintiff establishes there has been a breach of duty arising from a relationship of trust and confidence, the plaintiff is not required to prove: (1) the speaker's knowledge of the falsity regarding the statement or representation of fact, or (2) the speaker's intent that the hearer rely on the statement or representation of fact, to sustain a claim of constructive fraud. *Doe*, 356 P.3d at 1055.
[5] Plaintiffs' complaint does not identify a specific individual who made the representation. Rather, Plaintiffs rely solely upon the recorded documents themselves.

That is not how a relationship is forged. The facts show Plaintiffs had no relationship whatsoever with JP Morgan, as their original lender was Guild Mortgage. JP Morgan was Guild's successor in interest by virtue of the December 20, 2012 corporate assignment of the deed of trust. All of the examples cited in *Mitchell* require an actual relationship between the parties. Here, there are no facts to suggest any relationship between Plaintiffs and JP Morgan.

Further, the weight of authority in mortgage foreclosure cases instructs no relationship of trust or confidence arises between a borrower and a financial institution acting as a lender. "Courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties." *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1234 (D. Nev. 2009); *see also Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1090 (D. Nev. 2004) (stating "the Court is satisfied that the Nevada Supreme Court would hold that an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances"), *aff'd in relevant part by Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865 (9th Cir. 2007). Here, Plaintiffs have not alleged facts that could give rise to a special relationship or exceptional circumstances, and the documents in the record clearly indicate there are none.

Accordingly, the Court need not reach the parties' arguments regarding the other seven elements of constructive fraud, and will recommend the Plaintiffs' claim for constructive fraud alleged against JP Morgan be dismissed.

**REPORT AND RECOMMENDATION  - 10**

**3.     Other Fraud Claims**

Under the rubric of constructive fraud, Plaintiffs assert additional claims, which include that (1) the assignment from MERS was void due to "fatal defects," and robo-signing; (2) JP Morgan has no legal standing upon which to pursue foreclosure; (3) successor trustee appointments by JP Morgan were invalid because MERS's initial transfer of beneficial ownership to JP Morgan was invalid; and (4) the Notice of Trustee Sale was defective. All of these claims either rely upon the initial premise that the assignment of the Deed of Trust by MERS from Guild to JP Morgan was invalid, or the claim is simply not plausible.

With regard to the MERS assignment, Plaintiffs allege Vernita Lansey, who acted in her capacity as Assistant Secretary of Mortgage Electronic Registration Systems, Inc. as Nominee for Guild Mortgage Company, to assign and transfer the deed of trust to JP Morgan Chase Bank, was a "robo-signer." Plaintiffs have alleged no facts to support this claim, and claims such as this have been rejected. *See Mortensen v. Countrywide Bank, FSB*, 662 F. App'x. 501, 503-04 (9th Cir. 2016) (unpublished) ("To the extent the [plaintiffs'] claims are predicated on 'robo-signing' allegations, the district court properly dismissed those claims because the [plaintiffs] failed to allege sufficient facts to state a plausible claim for relief.").

Plaintiffs next recite a number of assertions of fraud based upon the premise that the corporate assignment to JP Morgan was void due to "robo-signing." Plaintiffs claim

the various appointments of a successor trustee by JP Morgan[6] were invalid; that their

loan modification agreement, recorded on April 8, 2015, and executed by JP Morgan,

was invalid; and that JP Morgan's appointment of Leavitt as successor trustee was

invalid; and that the Notice of Trustee Sale was invalid because JP Morgan had no

authority to appoint Leavitt, who in turn signed the notice of sale document. In other

words, Plaintiffs argue every document originating from JP Morgan was invalid based

upon their assertion the assignment of the Deed of Trust to JP Morgan was invalid. For

the reason just recited, such claims are without merit.

Last, Plaintiffs claim JP Morgan lacks legal standing to pursue foreclosure, based

upon their assertion JP Morgan was "fraudulently assigned" the Deed of Trust. However,

as explained above, Plaintiffs have not alleged any facts to support their claim of

fraudulent assignment. Moreover, standing is not a requirement for the nonjudicial

foreclosure of a deed of trust. *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 862

(Idaho 2012).

**4.     Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

The Idaho Supreme Court recognizes there is an implied in law covenant of good

faith and fair dealing in every contract. *Idaho First Natl. Bank v. Bliss Valley Foods*, 824

P.2d 841, 862 (Idaho 1991). The covenant is breached by "[a]ny action by either party

which violates, nullifies or significantly impairs any benefit of the contract," and requires

"that the parties perform in good faith the obligations imposed by their agreement." *Id.* at

---

[6] Prior to the appointment of Leavitt as successor trustee, JP Morgan appointed William Bishop Jr. on March 4, 2014. Compl. ¶ 94-98.

**REPORT AND RECOMMENDATION  - 12**

863. However, a breach of this covenant results in contract damages, not tort damages. *Id*. And, "[t]he implied covenant of good faith and fair dealing arises only regarding terms agreed to by the parties." *Bushi v. Sage Health Care, PLLC*, 203 P.3d 694, 698 (Idaho 2009). "There is no basis for claiming implied terms contrary to the express rights contained in the parties' agreement." *Idaho First Nat'l Bank*, 824 P.2d at 863. In other words, the covenant "does not create new duties that are not inherent" in the parties' agreement. *Wesco Autobody Supply, Inc. v. Ernest*, 243 P.3d 1069, 1080 (Idaho 2010).

Plaintiffs allege in the Complaint that JP Morgan were bound by the terms of the Note and the Deed of Trust. Plaintiffs allege JP Morgan "deprived Plaintiffs of the benefit of the bargain by failing to apply Plaintiffs' monthly payments" to their loan account, and that such conduct constituted a breach of contract. Plaintiffs further allege they performed all obligations under the terms of the Note and Deed of Trust. However, such allegations are false according to both the sworn statements in the Complaint and the documents of record. Plaintiffs admit in the Complaint they stopped making loan payments in 2015. The Notice of Default indicated Plaintiffs stopped paying their loan payments as of April 1, 2015, and that the amount in arrears as of December 2, 2015, was $11,857.21.

Plaintiffs have not identified any other specific term within either the Note or the Deed of Trust that could demonstrate Defendants breached their contractual obligations by declaring Plaintiffs' loan in default. The only claim Plaintiffs make is that JP Morgan falsely represented the ownership of the loan and wrongfully defaulted the loan. However, Plaintiffs do not refer to any contract term breached by Defendants.

**REPORT AND RECOMMENDATION  - 13**

The Note and Deed of Trust clearly set forth that Plaintiffs were receiving a loan, that they had the obligation to repay the loan, and they would be informed where to send their payments. Plaintiffs received the loan proceeds. Once Plaintiffs received the proceeds, they were required to make monthly payments. If they failed to do so, Plaintiffs agreed the Property could be sold in satisfaction of the debt. Plaintiffs were informed further that the Note, together with the Deed of Trust, could be sold and that such a sale may result in a change of their Loan Servicer, the entity that collected payments.

Plaintiffs do not make any allegations concerning these events, only events concerning the foreclosure notice and impending sale. Absent identification of the contract term allegedly breached, Plaintiffs have failed to state a claim for breach of the covenant of good faith and fair dealing. *Bacon v. Countrywide Bank FSB*, No. 2:11-CV-00107-EJL, 2012 WL 639521, at *1 (D. Idaho Feb. 28, 2012), *adopting* Report and Recommendation, 2012 WL 642658 (D. Idaho Feb. 8, 2012).

Nor have Plaintiffs identified what damages they have suffered as a result of the alleged breach of the covenant of good faith and fair dealing. Although they allege their loan payments were misapplied, that statement cannot be true because Plaintiffs admittedly stopped paying their loan payments in 2015. Nor do Plaintiffs allege they were misinformed about where to send their payments. Other than being subject to foreclosure and needing to find another home, the Court can discern no facts in the Complaint or in the record as to Plaintiffs' alleged damages. And foreclosure was an event Plaintiffs should have expected under the express terms of the Note and Deed of Trust in the event they failed to make their monthly payments.

**REPORT AND RECOMMENDATION  - 14**

Accordingly, Plaintiffs have not plead facts establishing Defendants, specifically JP Morgan, violated, nullified, or significantly impaired their rights under the Note or Trust Deed. Nor have Plaintiffs alleged damages caused as a result of any breach. Therefore, dismissal of their claim for breach of the covenant of good faith and fair dealing would be appropriate.

**5.    Claim for Slander of Title**

As for Plaintiffs' Slander of Title claim, the Court will recommend this claim also be dismissed. "Slander of title requires proof of four elements: (1) publication of a slanderous statement; (2) its falsity; (3) malice and (4) resulting special damages." *McPheters v. Maile*, 64 P.3d 317, 321 (Idaho 2003). "Malice has been generally defined by Idaho courts as a reckless disregard for the truth or falsity of a statement. An action will not lie where a statement in slander of title, although false, was made in good faith with probable cause for believing it." *Weitz v. Green*, 230 P. 3d 743, 754 (Idaho 2010).

Plaintiffs claim the publication of the Notice of Trustee Sale, Deed of Trust, and Assignment in the public records constitutes slander of title. Again, the Court finds Plaintiff's legal argument is misplaced. Even if Plaintiffs claim the assignments and documents were invalid (which the Court does not find as discussed infra), the publicly recorded information regarding the beneficial owner and successor trustees does not include any slanderous statements regarding the debt owed and funds originally borrowed by Plaintiffs. The documents of record indicate Sydney Leavitt believes he was validly appointed as trustee of record and Plaintiffs have not alleged a vexatious reason for any of Defendants' actions in the Complaint. Plaintiffs were not disparaged because a Notice

**REPORT AND RECOMMENDATION  - 15**

of Default or Notice of Sale was recorded. Plaintiff is in default on the Note and in
default on the Deed of Trust regardless of who currently holds the beneficial interest in
the Note and Deed of Trust. The purpose of the recording of assignments and
appointments is to put Plaintiffs and later purchasers on notice of who the owner of the
beneficial interest in the original Deed of Trust is and who is currently acting as trustee
for that interest.

Moreover, the recorded documents do not contain false statements about the Deed
of Trust. Based on the undisputed fact that Plaintiffs are in default and have been so since
2015, the Court finds Plaintiffs have failed to allege facts that could be interpreted to be a
slanderous statement about Plaintiffs. Nor have Plaintiffs alleged the falsity of any
slanderous statement about Plaintiffs' interest or shown any malice on the part of JP
Morgan or any other Defendant in the form of reckless disregard for the truth or falsity of
any statement in the recorded documents. Nor have Plaintiffs alleged with any specificity
damages related to the alleged slander that would not otherwise exist based on Plaintiffs'
undisputed state of default on the Note.

For these reasons, the claim for slander of title should be dismissed as a matter of
law against all Defendants. *See Rheinschild Family Tr. v. Rankin*, No. 1:15-CV-00194-
EJL, 2016 WL 1170945, at *1 (D. Idaho Mar. 24, 2016), appeal dismissed sub nom.
(Apr. 21, 2016) (dismissing similar claim brought by plaintiffs in mortgage foreclosure
matter).

**REPORT AND RECOMMENDATION  - 16**

**6.      Claim for Violation of Idaho Code § 45-1506**

The non-judicial foreclosure Plaintiffs complain about is governed by Chapter 15 of Title 45 of the Idaho Code. That chapter "provides a comprehensive regulatory scheme for nonjudicial foreclosure of deeds of trust." *Spencer v. Jameson*, 211 P.3d 106, 115 (Idaho 2009); *see also Thorian v. Baro Enters., LLC*, 387 B.R. 50, 62 (Bankr. D. Idaho 2008) ("Title 45, Chapter 15 of the Idaho Code governs foreclosure of trust deeds."). When a deed of trust secures repayment of a loan, the real property securing the loan is conveyed "to a trustee in trust to secure the performance of [the loan] obligation." Idaho Code § 45–1502(3). In those circumstances, "a power of sale is [t]hereby conferred upon the trustee to be exercised after a breach of the [loan] obligation." Idaho Code § 45–1503(1). When the loan obligation is breached, the deed of trust "may be foreclosed by advertisement and sale in the manner [t]hereinafter provided." *Id.*; *see also Roos v. Belcher*, 321 P.2d 210, 213 (Idaho 1958) (explaining deeds of trust authorize "the sale of the property by the trustee without judicial proceedings...").

The statute lists four requirements for a trustee to foreclose by advertisement and sale. First, the deed of trust and any assignments of it and appointments of a successor trustee must be recorded. Idaho Code § 45–1505(1). Second, the loan must be in default. Idaho Code § 45–1505(2). Third, a notice of default must be filed and mailed in the manner set forth in the statute. Idaho Code § 45–1505(3). Fourth, no other action to recover the debt may have been instituted. Idaho Code § 45–1505(4). After the notice of default, but at least 120 days before the trustee's sale, a notice of the sale must be issued. Idaho Code § 45–1506(2)–(7). "The sale shall be held on the date and at the time and

**REPORT AND RECOMMENDATION  - 17**

place designated in the notice of sale," unless the sale is postponed. Idaho Code § 45–1506(8).

Plaintiffs allege there was no beneficiary named in the Notice of Trustee Sale, and that JP Morgan failed to comply with the provisions of the Trust Deeds Act. However, Plaintiffs' Complaint and the documents of record demonstrate the procedures set forth under the Trust Deeds Act were followed in the foreclosure. First, the Notice of Trustee's Sale explicitly refers to the original Deed of Trust, which in turn mentioned First American Title Insurance Co., as Trustee, and that the Deed of Trust was issued for the benefit and security of MERS, as nominee for Guild, the Lender.

Next, MERS, as the beneficiary under the Deed of Trust, had the authority to appoint a successor trustee and take action on behalf of the Lender and its assigns. *See Trotter*, 2012 WL 206004, at 4–5; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Wadhwa v. Aurora Loan Services, LLC.*, 2012 WL 762020 (E.D. Cal. March 8, 2012); *Pantoja v. Countrywide Home Loans*, 640 F.Supp.2d 1177, 1188–89 (N.D. Cal. 2009). MERS, as nominee for Guild Mortgage Company, executed an assignment of the Deed of Trust to JP Morgan. Thereafter, JP Morgan appointed Sydney K. Leavitt as successor trustee under the Deed of Trust. (Ex. C, Dkt. 3 at 60). As Trustee, Leavitt had authority under the Deed of Trust to undertake non-judicial foreclosure proceedings.

Leavitt executed a Notice of Default on December 2, 2015. All of the documents were recorded with the Jefferson County Recorder's office—the county in which the Property is located. (*See* Ex. C, Dkt. 3.) Plaintiffs do not dispute receiving the Notice of

Default and Notice of Trustee's Sale. (Dkt. 3 at 75.) Accordingly, the assignments and notices were properly issued and recorded. *See Trotter*, 275 P.3d at 863 (affirming that recording appointment of successor trustee, notice of default and notice of trustee sale complied with Trust Deeds Act).

Plaintiffs make a bare bones assertion that the Trust Deeds Act was not followed, but the facts in the record belie this assertion. Plaintiffs do not contend they did not receive notice as required under the law or the Deed of Trust, but insist that the assignments and appointments recorded were invalid in some way, such as by robo-signing or by the use of "fill-in-the-blank forms." This Court has already addressed and rejected Plaintiffs' basis for declaring the assignments or appointments invalid in other cases[7] and should rejects them here as well. *See Mitcham v. CWB Mortg. Ventures, LLC*, No. 1:11-CV-259-BLW-LMB, 2012 WL 1535783, at *3 (D. Idaho Mar. 20, 2012), report and recommendation adopted, No. 1:11-CV-00259-BLW, 2012 WL 1535760 (D. Idaho May 1, 2012).

---

[7] *See, e.g., Washburn v. Bank of America, et al.*, Case No. 1:11–cv–00193–CWD; *Sykes v. MERS et al.*, 1:11–cv–377–BLW–LMB; *Burton et al. v. Countrywide Bank, FSB, et al.*, 1: 10–cv–298–EJL–LMB.

**REPORT AND RECOMMENDATION  - 19**

## CONCLUSION

Each of Plaintiffs' claims is founded on arguments set forth above and their contention Defendants have no legal right to foreclose on their property. Because the Court finds Plaintiffs' complaint fails to allege any basis for such a legal conclusion, the individual claims fail to the extent they are based on this premise. Moreover, the Court has reviewed and agrees with Defendants' arguments as to why each individual cause of action fails to state a claim upon which relief may be granted.

For the reasons discussed herein, and pursuant to the weight of authority in this District, the Court recommends Plaintiffs' Complaint be dismissed. The Complaint fails to state a claim upon which relief may be granted against Defendants. The Court concludes further that amendment cannot cure the deficiencies in the Complaint.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Defendants' Request for Judicial Notice (Dkt. 12) is **GRANTED**.



DATED: December 22, 2017

Honorable Candy W. Dale
United States Magistrate Judge

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      Defendants' Motion to Dismiss (Dkt. 10) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: December 22, 2017

Honorable Candy W. Dale
United States Magistrate Judge